UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER MONTOYA**,

    Petitioner,

v.                                                **CIVIL NO. 04-0979 MCA/DJS**

**JOE ROMERO, Warden,**

    Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-2002-143 in the Eleventh Judicial District, McKinley County, of New Mexico. In that proceeding Petitioner was convicted, pursuant to a guilty plea, of Armed Robbery with Firearm Enhancement. Petitioner was sentenced to a term of imprisonment of ten years, five years of which were suspended, to be followed by seven years parole.

2. Petitioner challenges his conviction and sentence on the ground that he was afforded ineffective assistance of counsel. Petitioner contends that his attorney failed to investigate the charges against him and failed to file a direct appeal of his conviction. In making this argument, Petitioner

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

alleges that he is actually innocent of the crime to which he pleaded guilty.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent moved to dismiss the petition on the basis that it is time barred and on the ground that Petitioner fails to state a claim on which he can be afforded relief. The Court agrees that the petition should be denied.

**TIMELINESS**

4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review.28 U.S.C. §2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

5. Petitioner's judgment and sentence was entered on November 5, 2002, after the effective date of the AEDPA. Answer, Exhibit A. Petitioner did not file a direct appeal and, in fact, the terms and conditions of his plea agreement foreclosed an appeal. Answer, Exhibit B.. However, on February 3, 2003, Petitioner filed a motion for reconsideration of his sentence. Answer, Exhibit C. That motion was denied on February 10, 2003. Answer, Unmarked Exhibit between C and D. Next, on July 21, 2003, Petitioner filed another motion for reconsideration of sentence. Answer, Exhibit D. That

motion was denied as untimely on July 25, 2003. Answer, Exhibit E. Petitioner filed a third motion for reconsideration of sentence on August 19, 2003, which was denied on August 21, 2003. Answer, Exhibits F, G. On March 22, 2004, Petitioner filed a petition for writ of *habeas corpus* in the state district court. Answer, Exhibit H. That matter was concluded with the denial of Petitioner's petition for writ of *certiorari* on June 2, 2004. Answer, Exhibit O. The instant §2254 petition was filed on August 31, 2004.

6. Given Petitioner's forfeiture of his right to a direct appeal, his sentence was final as of November 5, 2002. Ninety days passed before his first motion for reconsideration of sentence. After that motion was denied, another one hundred and eleven days passed before he filed his next motion for reconsideration of sentence. Following the denial of the second motion for reconsideration, twenty-five days passed until Petitioner's third motion was filed. After that motion was denied only two days later, two hundred and ten days passed before Petitioner filed his state *habeas* petition. Once that petition was final, ninety days passed before Petitioner filed this petition. In total, five hundred and twenty-six days passed after Petitioner's conviction became final. Given the one-year time limit imposed by AEDPA, the petition is untimely by a considerable margin.

7. The one-year time limit may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) cert. denied, 531 U.S. 1194 (2001). Petitioner has the burden of demonstrating that equitable tolling should apply. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). In this instance, Petitioner has made no

showing that equitable tolling should apply to his case.

**MERITS**

8. Petitioner has not shown that he is entitled to relief on his ineffective assistance of counsel claim. Although he asserts that he is actually innocent of the crime to which he pleaded guilty, he offers no support for that assertion. Indeed, the Court notes that in one of his motions for reconsideration of his sentence, Petitioner expresses remorse for his actions, which is inconsistent with a claim of innocence. Answer, Exhibit F, ¶7. So, too, is the provision in the plea agreement that Petition testify against his co-defendant. Answer, Exhibit B, §1(b).

9. In order to demonstrate that his counsel's performance was so ineffective as to violate the Sixth Amendment, Petitioner must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Petitioner must also demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. In the context of a guilty plea, the prejudice prong of Strickland requires that Petitioner demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

10. Absent his bare assertions that he is innocent and that he would not have pleaded guilty had his attorney investigated his case, Petitioner offers no support for his assertion that he was afforded ineffective assistance of counsel. In addition to Petitioner's inconsistent statements in the record noted above, Petitioner's guilty plea provides the most significant barrier to his current claim of innocence. "Solemn declarations in open court carry a strong presumption of verity. The

4

subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Accordingly, Petitioner has not shown that his attorney afforded him ineffective assistance of counsel.

### RECOMMENDED DISPOSITION

That Respondent's Motion to Dismiss be granted and that this petition be denied as time barred and dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**